(Clark County Probate Court.)

November 23, 1894.

STATE ex rel. SAMUEL PARKS v. T. E. LOTT, Sheriff.

---

A person committed to jail by an examining magistrate, if not indicted by the next regular grand jury thereafter, unless the same was omitted for some cause mentioned in sec. 7211, will be discharged on a writ of habeas corpus.

ROCKEL, J.

The complainant files his petition for a writ of habeas corpus which is as follows:

Your petitioner, Samuel Parks, respectfully represents that he is imprisoned and restrained of his liberty, by Thomas E. Lott, sheriff of said county, in the county jail of said county, without any legal authority, but under color of a certain commitment of which the following is a true copy, viz.:

"State of Ohio, Clark county, ss:

"To the Keeper of the Jail of the County, greeting:

"Whereas Samuel Parks has been arrested on the oath of J. M. Lynch for unlawfully taking stealing one bay colt with two white hind feet, the property of J. M. Lynch, of the value of one hundred dollars, and has been examined by me on such charge and required to give bail in the sum of one hundred dollars for his appearance before the court of common pleas of said county, on the first day of the next term thereof with which request he has failed to comply. Therefore in the name of the state of Ohio, I command you to receive the said Samuel Parks into your custody in the jail of the county aforesaid, there to remain until he shall be discharged by due cours of law.

"Given under my hand this 18th day of July, 1894.

"John W. Yeazell, Justice of the Peace.

"I hereby certify that the within is a true copy of the original writ,

"George Gladfelter, Const."

Your petitioner further says that he had

been imprisoned in said county jail under said commitment ever since the 19th day of July, 1894; that the regular grand jury for the term of said common pleas court next after said commitment of petitioner to said jail as aforesaid, to-wit the regular grand jury for the term of said common pleas court, beginning October 8th, 1894, on which latter date said grand jury was finally discharged by said common pleas court; that said grand jury found no indictment whatever against said Samuel Parks; that no transcript of the proceedings of said justice of the peace upon said charge against said Samuel Parks has been filed in said court of common pleas or with the clerk thereof; that no criminal prosecution whatever against said Samuel Parks is pending in said court of common pleas.

Therefore the said Samuel Parks prays that a writ of habeas corpus may be issued to said Thomas E. Lott as sheriff as aforesaid, and that he the said Samuel Parks may be discharged from his said imprisonment and restraint of liberty.

his<br>Samuel X Parks<br>mark.

The facts in this complaint, are the admitted facts of the case, except that since the filing of this application, a transcript has been filed. Therefore the question arises, whether there now exists under this condition of affairs any legal right for the sheriff to detain the prisoner. It is so extremely novel in its nature and character, that neither the counsel or myself have been able to find any decision to throw a glimmer of light on the path to follow. It is a constitutional guarantee, brought down from the magna charta, that every one who is charged with a crime, be given a speedy public trial. To preserve this right is one of the great purposes of the time honored and reversed writ of habeas corpus. As was said by Bowen, Judge, in 6 Ohio St., 559, "No matter where or how the chaines of captivity were forged, the power of the judiciary in this state is adequate to crumble them to the dust, if an individual be deprived of his liberty, contrary to the law of the land."

It is also by our constitution provided that no person shall be deprived of his life, liberty or property without due process of law. These constitutional provisions are referred to for the reason that all our statute law must be subservient to them. Such law is always presumed to be made in conformity with our organic law and to carry into effect its provisions in the true spirit of their intendment. Bearing these principles in mind, our statutes will now be considered as bearing upon the case at bar.

It is provided by sec. 457, that at least three terms of common pleas court be held in each county during each year; and that upon the first day of each term, a grand jury shall be impanleed to inquire into crimes committed, and true indictments present. It is further provided, sec. 7189, and it makes it the duty of the clerk of the court to make out a tarnscript of the names of all persons who appear by the return of magistrates to have been either committed or bailed for an offense during the vacation of the court, which shall be delivered to the foreman of the grand jury.

And as an additional safe-guard that the case may not be omitted by reason of negligence of the foreman of the grand jury, it is also provided that a copy with the transcripts be delivered to the prosecuting attorney. These provisions show that it is the purpose of the law that a speedy trial and opportunity of hearing be given to a person accused of crime, by providing for frequent sittings of the court, and making it the duty of two sworn officers to inquire into such crimes, and if proper, present an indictment.

It is further provided, by sec. 7147, that if it becomes necessary during he continuance of the examination of the accused that he be committed to jail, that the whole time of such confinement shall not exceed four days.

Why forbid a person to be confined in jail upon a preliminary hearing not more than four days, and permit an accused to be incarcerated in prison for a period of six months, as will be the case at bar if the accused is held until the end of the present term or the next session of the grand jury, is not clear to my mind. The statute provides, that the justice shall forthwith file a transcript, and the clerk of the court shall at once place the same upon the appearance docket. Forthwith, means that it should be done within a reasonably short time, and it is a very serious question whether, if this be not done, an accused person committed to jail could even be held until the first regular session of the grand jury. It seems that the purpose of the law is, that the records of the court of common pleas should show the pendency of the cause and the various stages of its proceedings. But the complainant's ground for discharge does not rest alone upon a failure to file a transcript. And the filing of the transcript since the adjournment of the regular grand jury, and also since the filing of this application, will not materially affect the complainant's right to discharge. Sec. 2211 provides: If a person held in jail charged with an indictable offense be not indicted at the term of court at which he is held to answer, he should be discharged, unless he was committed on such charge after the discharge of the regular grand jury for the term, in which case the court may either discharge him, or order a new grand jury, or require him to enter into a recognizance, with sufficient surety, for his appearance before the court, to answer such

charge at the next term thereof: but the person so held in jail without indictment shall not be discharged if it appeared to the court that any witness for the state has been enticed or kept away or detained or prevented from attending court by sickness or unavoidable accidents."

But it is said that the complainant is not entitled to discharge under this section because the term of the court of common pleas to which he was held to answer is still in session: and that, although the regular grand jury has adjourned, it is possible that a special grand jury may yet convene at which he might be convicted. There is nothing in the present case to show that the complainant was not indicted or his case not considered because a witness was enticed away or detained by sickness or unavoidable accident. The statutes nowhere provide specifically what term of court a person accused of crime shall be committed to answer; but it is provided, sec. 7147, that if a magistrate believes the prisoner guilty, he shall order him to enter into a recognizance for his appearance at the proper time before the proper court.

Sec. 7161 designates when is the proper time and which the proper court when it says: "A recognizance shall be taken for his appearance to answer the charge before the court of common pleas on the 1st day of the next term thereof." The mittimus in the present case shows on its face that the complainant was bound over in conformity to the above provision. It is further contended in behalf of the state, that because a person held under indictment may be detained in prison for at least two terms after the indictment is found, that therefore it is not unreasonable to suppose that the law intends that a person committed to answer to the next term of the court shall be compelled to wait the entire term. But the cases are not similar. Before indictment the prisoner has no voice as to the time or manner of his hearing; he has no right to appear before the grand jury or in the court to insist upon the consideration of his cause. But after indictment he has a standing in court; a right to appear and be heard in person or by counsel before a court which it is presumed will give him a reasonable speedy trial as by the constitution guaranteed. A special grand jury exists only in the discretion of the judge, but the right to the regular session of the grand jury is guaranteed by law at a certain fixed time. This complainant had a right to expect that every officer of the law would do his duty. He had a right to expect that the justice of the peace would forthwith file a transcript; that the clerk would docket the case, and deliver his name to the foreman of the grand jury that would convene next thereafter, and also deliver a transcript of such proceedings to the prosecuting attorney; that such grand jury would consider his case. Aye more, standing behind the prison bars, deprived of his liberty, he had a right to demand that these officers perform their sworn duty.

That these officials did not perform the duties enjoined upon them by law is no fault of his. Whatever the law requires from him has been done. By its strong arm he has lingered in prison awaiting its decree, trusting that it would be done at the time and in the manner provided by the laws of our land. To hold him responsible for something over which he had no control is neither law nor justice. To deprive him of his liberty by reason of the failure of a public official to perform a duty enjoined upon him by law, would be the enunciation of a doctrine fitted only to the dark ages of a semi-civilized world. Believing therefore that the complainant ought not to be longer held by the sheriff under the present commitment, he is ordered discharged.