In Re ENGLAND and Eight Others
(5 Cases)

Ohio Appeals, 3rd Dist, Hardin Co ·

Nos 268, 269, 270, 271 & 272

Decided Aug 28, 1934

Lease & Lease, Kenton, Roy W. Roof, Kenton, for petitioners.

Harry I. Kaylor, Kenton, C. M. Cessna, Kenton, and W. B. Price, Kenton, contra.

## OPINION

By THE COURT

Passing over without discussion, the interpretation and effect of many and various statutory provisions mandatory· and directory, governing procedure incident to recognizing by magistrates, of accused persons to · grand jury, and the steps to be thereafter taken in that matter, and the procedure in habeas corpus, together with the constitutional guaranty of a speedy public trial (which includes the finding of an indictment), and the general rule preventing interference by one court with the jurisdiction of another court, and holding that these cases present only one question, namely, whether the delay in bringing the charge for which petitioners herein are recognized to the Court of Common Pleas, before the grand· jury within· a reasonable time, it must be held that the evidence fails to prove facts establishing a failure of performance of official duty by the Court of Common Pleas and the prosecuting attorney which would require the holding that petitioners have been held an unreasonable period of time.

However it should be noted that under the provisions of §13436-23 GC, "if a person held in jail charged with an indictable offense is not indicted at the term of court at which he is·held to answer, he shall be discharged", unless certain states · of fact specified in said section exist. And under the provisions of §§13435-12 and 13435-25 GC a committment on failure to·give bond for appearance to answer charge, is "until he (the prisoner) be discharged by law" or "until discharged by due course of law." The phrase |"at the term of court at which he is held" appearing in §13436-23 GC read in connection with the provisions of §13435-12 and §13435-25 GC refers to the term of court at which the committment is made. that is, the current term, and in these cases the April Term of the Common Pleas Court, and not to the first day of the next term of court as under the provisions of §13435-11 GC may be provided in the order for recognizance. This construction is also clear from the provisions of §13436-23 GC itself as if the current term was not intended, the words "he shall be discharged unless he was committed on such charge after the discharge of the grand jury" would be meaningless as it would be impossible for a grand jury of the next term of court to be discharged before the first day of that term of court.

Under the statutes, a person·may be in-

dicted either at a regular session of the grand jury, a recessed session of the regular grand jury or by a new or special grand jury, and consequently it is impossible to determine until the expiration of the term of court at which he is held, whether conditions exist under such section authorizing his discharge. As the term of court to which these prisoners were held to answer, has not expired, no right in any event has accrued to them under said section, to be discharged. Although the regular grand jury has been discharged, a new grand jury may be called which may indict them before the expiration of the term. §13436-14 GC.