**STATE, Plaintiff, v WHEELOCK, Defendant.**

Municipal Court, Piqua.

No. 6225.   Decided July 27, 1951.

Bernard S. Keyt, Piqua, for the State of Ohio.
Leo Bausman, William A. Haines, Troy, for defendant.

## OPINION

By CROMER, J.

On July 16, 1951, an affidavit was filed in this court against the defendant wherein he is charged with the offense of unlawfully operating a motor vehicle upon U. S., Route No. 48, a public highway in Union Township in said (Miami) County, while under the influence of intoxicating liquor. (Sec. 6307-19 GC.) This affidavit is made by K. M. Fitzgivens, O. S. P. (Officer of the Ohio State Patrol).

At the time set for arraignment in this case, the following motion was filed in this Court:

"Now comes the defendant and moves the Court to dismiss the defendant because the Court does not have jurisdiction of the person of the defendant, for the following reasons:

"First. The defendant is a resident of Union Township, Miami County, Ohio.

"Second. The offense charged is a misdemeanor, and if any violation of law occurred, it occurred in the Township of Union.

"Third. There is a duly qualified and acting Justice of the Peace in said Township of Union."

The above motion was filed before the arraignment of the defendant, who was free upon bond. The facts set forth in the motion are unverified.

The first ground of the motion is groundless because courts in criminal cases are not concerned with a defendant's residence.

It is conceded that this court does have jurisdiction of a misdemeanor and of this particular offense which is covered by The Uniform Traffic Act. Therefore, the only question goes to this court's jurisdiction over the person of the defendant, assuming the facts to be as stated in the motion. The motion does not admit that the affidavit was filed by an officer of the Ohio State Patrol. However, the affidavit itself shows this to be the case. This feature of the case is very important.

A question going to the jurisdiction over the defendant's person must be raised at the earliest opportunity and this has been done. Failure to do this constitutes a waiver.

Thus, there is presented for decision the question whether

or not the Piqua Municipal Court has jurisdiction over the person of the defendant for a misdemeanor alleged to have been committed in Union Township, Miami County, Ohio, there being a Justice of the Peace in Union Township, the affidavit charging the offense having been made by an officer of the Ohio State Patrol and the Piqua Municipal Court having replaced all the Justices of the Peace in only three of the twelve townships in Miami County, Ohio. This seems to state the problem fairly.

It would be easy to deny jurisdiction in this court and, thus, avoid the burden and responsibility of this increased volume of county-wide cases of a similar nature. We feel, however, that if we do have such jurisdiction, it is our duty to exercise it without regard to the amount of responsibility entailed or the income to be derived therefor. Having a full realization of the importance of this question, we shall endeavor to answer it according to our ability and with the assistance of diligent counsel.

In 113 Ohio Laws, 123 to 215, the General Assembly passed a law "to revise and codify the Code of Criminal Procedure of Ohio." This law was filed in the office of Secretary of State in April A. D. 1929. This law was a complete codification of Criminal Procedure in Ohio.

Sec. 13422-2 GC General Jurisdiction of **Justice of the Peace**, as defined in 113 Ohio Laws, 123, reads as follows:

"Section 2. A Justice of the Peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout **the county** in which he is elected and where he resides, on view or on sworn complaint to cause a person, charged with commission of a felony or misdemeanor, to be arrested and brought before himself or another Justice of the Peace and, if such person is brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance or otherwise dispose of the complaint as provided by law. He also may hear complaints of breaches of the peace and he may issue search warrants." (The emphasis as to **"the county"** is ours.)

Sec. 13422-3 GC (Section 3 of the Codification) referred to "Special Jurisdiction of Magistrates" **within their respective counties** in seventeen violations instead of in eighteen violations as at present under §13422-2 GC. Sec. 13422-3 GC was repealed. See 117 Ohio Laws 367. The present Sec. 13422-2 GC now contains all that appeared in both sections, §13422-2 GC and §13422-3 GC, together with several clauses added and the word "county" is now changed to "township."

In 117 Ohio Laws, p. 586, §13422-2 GC was amended. (Filed

in the office of the Secretary of State on the 21st day of May, A. D. 1937.)

The amendment substituted the word "township" for the word "county" in the former statute. After the phrase "where he resides," there was added the following: "and county-wide jurisdiction in all criminal matters only upon affidavit or complaint filed

(1) by the prosecuting attorney, or

(2) upon affidavit or complaint made by the Sheriff, or

(3) the party injured, or

(4) any authorized representative of the **State** or federal **department in the event there is no other court of concurrent jurisdiction other than the Common Pleas Court, police court or mayor's court,** and on view, etc." (Emphasis ours.)

Beginning with "on view" the statute continues the same as former §13422-2 GC until we reach two "provided" at the close of the first paragraph. One more item of special jurisdiction, making eighteen instead of seventeen, is added.

The defendant and his attorneys rely upon the phrase beginning with "in the event" and continuing with that part of the statute which we have emphasized. We shall return to that matter later.

In §13422-1 GC (113 Ohio Laws 123) a "magistrate" is defined in a **single** paragraph, in which certain officials are named and which concludes as follows: "and judges of other courts **inferior** to the Court of Common Pleas."

The last sentence surely includes judges of all Municipal Courts. Likewise, it included judges of the Probate Courts.

Effective January 1, 1943 (114 Ohio Laws, 479), a second paragraph was added to §13422-1 GC wherein the probate judge and his clerk were eliminated from the role of inferior courts.

, **Section** 6 of §13422-6 GC (113 Ohio Laws 124)' reads as follows:

"No provision of this (Code of Criminal Procedure) chapter shall be construed to effect, modify or limit the jurisdiction conferred upon municipal courts by law."

The §13422-6 GC, as above set forth was amended. The language quoted above remained as it was before the amendment. There was added all the rest of the statute and municipal courts by this amending section (§13422-6 GC, the present statute) were granted specifically, county-wide jurisdiction of cases violating "the liquor control act." (**Sec. 6064-1, GC, et seq.**) and "prosecution for keeping a place where intoxicating liquor is sold" etc.

The amendment added to the county wide jurisdiction of municipal courts, but the amendment did not interfere with

the jurisdiction already possessed by the various municipal courts.

Counsel for defendant in this case is concerned too much with the jurisdiction of the justices of peace in Union Township, Miami County, Ohio, the place where the defendant's alleged offense is said to have occurred. The argument is that since there is a justice of the peace in this township, this justice should be permitted to take jurisdiction to the exclusion of all magistrates—including the Piqua Municipal Court, which is a court inferior to the Court of Common Pleas. This argument ignores altogether §13422-6 GC, which declares that the jurisdiction given to municipal courts shall not be taken from them.

Now we shall return for a moment to the defendant's main contention, namely, that part of the present §13422-2 GC. which we shall skeletonize for clarity:

"A justice of the peace shall be a conservator of the peace. (It has been said that a conservator's duty is to cause arrest of all law violators) and have jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county wide jurisdiction. (In four instances— including an affidavit by "any authorized representative of the State) in the event there is no other court of concurrent jurisdiction other than the Common Pleas Court, police or mayor's court * * *"

It is to be noticed that there is no denial of county wide jurisdiction to any other court of the county having concurrent jurisdiction with the Justice of the Peace. The Piqua Municipal Court does have concurrent jurisdiction by both the so-called Uniform Municipal Court Act (§1598 GC—Last sentence) and the original Act creating the Piqua Municipal Court. (Sec. 1579-560 to 1579-600 GC.)

What is meant by "concurrent jurisdiction"? Bouvier Law Dictionary defines "concurrent" as running together; such and such courts have concurrent jurisdiction—that is, each has the same jurisdiction." We shall refer later to this similarity of jurisdiction between the court of a Justice of Peace and the jurisdiction of the Piqua Municipal Court.

Sec. 1598 GC of The Uniform Court Act, in the last sentence reads as follows:

"The court shall also have jurisdiction within the limits of the county or counties in which its territory is situated, of those crimes and offenses which are now or may hereafter be within the county wide jurisdiction of justices of the peace."

This section is not very clear. It may refer only to the eighteen offenses enumerated in §13422-2 GC. However, we take it to refer to those offenses committed in a township of

the county when the affidavit is made by anyone of the four designated complainants.

Next we must consider whether or not The Uniform Court Act covers this offense. Altho The Uniform Court Act was signed by the Governor as an emergency measure on June 13, 1951, making the Act effective generally on June 13, 1951, does it cover this case?

The enacting clause of The Uniform Court Act established "a municipal court act" and repealed among other sections of the General Code, §§1579-1 to 1579-650 GC. It is to be noticed that the Piqua Municipal Court Act, as indicated heretofore, extends from §1579-560 to 1579-600 GC, which sections are repealed by the enacting clause of The Uniform Court Act.

· However, when we look at the last section of The Uniform Court Act, namely, §1617 GC, we find that this section covers several propositions going to both future and present conditions existing in new courts created by the Act and in courts "theretofore existing." The Piqua Municipal Court is one of the courts "theretofore existing."

Part of §1617 GC, as aforesaid, reads as follows:

"The **institution** of all courts (new courts created) enumerated in §1581 GC shall take place on January 1, 1952, and the **jurisdiction and procedure of the municipal courts theretofore existing** shall continue until such date." (Emphasis ours.)

Thus, it is apparent then that, as to **jurisdiction and procedure**, the Piqua Municipal Court retains the jurisdiction of its original and creative act until January 1, 1952. We are compelled, therefore, to consult the repealed statutes on the subject of jurisdiction, the old jurisdiction having been retained during the remainder of this current year. This retention of jurisdiction seems necessary because of the existence of various vested rights of the Judges, clerks and litigants.

Referring to §1579-564 GC being part of the law which created the Piqua Municipal Court in the beginning, reads as follows:

"The Municipal Court shall have jurisdiction **of all misdemeanors** and of all violations of city ordinances of which police courts or the mayor in municipalities or a **justice of the peace now have or may hereafter be given** jurisdiction. In felonies the Municipal court shall have the power of police courts or the mayor in municipalities or a **Justice of the Peace** now have or may hereafter be given." (Emphasis ours.)

It is, therefore, evidence that this court does have "concurrent jurisdiction" with courts of the Justice of the Peace. But this jurisdiction of this court is not co-extensive with the county. See later the opinion of General Duffy on this point.

On January 20, 1938, the Hon. Herbert S. Duffy, Attorney General of the State of Ohio, furnished a requested opinion to Hon. Lester S. Reid, Prosecuting Attorney of Ross County, Ohio. This opinion is found in Opinions of the Attorney General, 1938, Vol. 1, Opinion No. 1791 at page 132.

The prosecuting attorney posed the following question:

"Assume a complaint is filed by a party injured or by an **authorized representative of a State Department,** in a township, charging the commission of a misdemeanor committed in a township **other than where the complaint** has been filed in said county." (Emphasis ours.)

The · prosecuting attorney continues his letter, saying: "By virtue of said sections (§§13422-2 and **13422-3 GC), I** am of the opinion that if there is a justice of the peace in the township where said offense is alleged to be committed, **then** the Justice of the Peace before whom such complaint has been filed, **does not have jurisdiction** to hear and determine said cause." (Emphasis ours.)

It will be seen that the pre-conceived notion of the Ross County prosecutor is the present opinion of the defendant's attorneys. We quote from the opinion of the Attorney General to some extent, fully realizing that the opinion is only an opinion. But an opinion of the Attorney General like the decision of a court, depends upon its obvious research and its logical reasoning. This opinion bears evidence of careful consideration. We quote from it certain reasoning and summation which seem pertinent.

"By excepting as courts of concurrent jurisdiction, the Common Pleas, police and mayor's courts, it is apparent that under our present judicial system the only other court which might be established vested with jurisdiction co-extensive with Justice of the Peace in criminal matters would be in the event of the establishment within the various counties of the state of **municipal courts.** Thus, whenever the county-wide jurisdiction of a Justice of the Peace is raised in any case, the paramount fact to be established and which must of necessity be established before the issue can properly be determined is the existence **within the county of a municipal court** vested with concurrent jurisdiction. If in the event it is determined that a municipal court has been established within a county vested with criminal jurisdiction co-extensive with the jurisdiction of a Justice of the Peace, then it necessarily follows that the criminal jurisdiction of all justices within that county is limited to the townshp in which each has been elected and wherein each resides. If, on the other hand, it appears that a municipal court has been established and **not vested with county-wide jurisdiction,** then it is equally true

that all justices within that county under the provisions of §13422-2 GC, supra, are vested with county-wide jurisdiction." (Emphasis ours.)

Let it be noticed at this point that the Piqua Municipal Court was "not vested with county-wide jurisdiction." This Court is vested with jurisdiction in only three out of the twelve townships in Miami County, Ohio.

Continuing from the above opinion: "An examination of §13422-2 GC discloses that the Legislature in the enactment of said section specifically limited the county-wide jurisdiction of justices to those cases that arise upon the filing or making of an affidavit or complaint by **any of the parties therein designated** and only in the event there is no other court vested with concurrent jurisdiction other than the Common Pleas, police or mayor's court."

Further, the opinion continues by way of summary as follows:

"Summarizing, and in specific answer to the question presented by your inquiry, it is my opinion:

"A Justice of the Peace (excepting in those 18 special enumerated cases contain in §13422-2 GC) upon the filing of an affidavit or complaint by the prosecuting attorney or upon affidavit or complaint by the prosecuting attorney or upon affidavit or complaint made by the Sheriff, the party injured **or any authorized representative of a State** or federal **department** charging the commission of a misdemeanor **committed in a township other than where the affidavit was filed** or made, assumes by virtue of §13422-2 GC, **county-wide jurisdiction** to hear and determine the case in the manner prescribed by law, provided, however, there is **not existent in the county** where such justice of the Peace is elected and resides a **municipal court exercising county-wide jurisdiction**." (Emphasis ours.) The Piqua Municipal Court is the only Municipal Court in this county.

This opinion of the Attorney General also decides the question that members of the State Highway Patrol are authorized representatives of a state department. This proposition seems to be admitted to be correct.

We wish to call attention of counsel to the affidavit charging the offense which concludes with the phrase "as provided by law." There is no section number mentioned in the affidavit. The court, in the first paragraph of this opinion and thereafter, assumed that §6307-19 GC was the section upon which the charge is based. This assumption is made because of the use of the term "under the influence of intoxicating liquor." This section is under The Uniform Traffic Act.

However, there is a similar section, namely, §6296-30 (c) GC,

which is found under The Driver's License Law. The language is similar but not exactly alike. The penalty is the same. Since there is no section number given in the affidavit, the charge might well be made under this last named section. Under the rule of liberal criminal pleading, which we have in Ohio, the affidavit might be amended to the offense under §6296-30 (c) GC. If the offense is under §6296-30 (c) GC or if the affidavit is amended to come under it, then there is no question about this court having jurisdiction.

Sec. 6296-16 GC, which is also a part of The Driver's License Law, reads in part, as follows:

"For the purpose of enforcing the provisions of this act, any court of record now having criminal jurisdiction shall have county-wide jurisdiction within the county in which it is located to hear and finally determine cases arising under the provision of this act."

While the present Attorney General will not render an opinion to the State Highway Patrol in a pending case, like the present one, General O'Neill, we are informed, has referred the State Patrol to the sections of the General Code just mentioned by us.

If we were to sustain the present motion, a new affidavit might be filed at once. The question of former jeopardy could not arise because the defendant has not, as yet, been in jeopardy.

On December 20, 1937, General Duffy also wrote an opinion on a similar set of facts. (1937 A. G. Op. 1652-Vol. III.) The same conclusion is reached. This opinion is long but a syllabus has been prepared. The decision in the instant case is already too long to notice at length this last opinion, except to say that it decides that the Municipal Court of Cincinnati has concurrent jurisdiction with a Justice of the Peace.

Before closing this opinion on the motion before us, we refer those interested to In Re George Hesse, 93 Oh St 230, which seems to support our notions.

We decide, therefore, that the motion heretofore filed to the jurisdiction of this court must be overruled, to which ruling the defendant may except. The defendant will be arraigned at some date agreeable to all those concerned.