**STATE, Plaintiff, v. KARR, Defendant.**

Common Pleas Court, Pickaway County.

No. 6628.   Decided June 8, 1959.

Ray W. Davis, Pros. Atty., for plaintiff.
Tom A. Renick, for defendant.

## OPINION

By AMMER, J.

The defendant, Dale C. Karr was indicted by the October 1957, Grand Jury for the offense of operating a motor vehicle while under the influence of intoxicating liquor.   To this indictment a motion was filed by the defendant moving the Court to quash the indictment for the reason that there is another action pending in the Municipal Court of the city of Circleville for precisely the same charge on which he was indicted and that in the Municipal Court the defendant entered a plea of not guilty and in writing demanded a jury trial.   No memorandum accompanied this motion nor was any memorandum submitted contra to this motion.

The question before the Court is the matter as to whether or not the indictment should be quashed in as much as another charge for the same offense is pending in the Municipal Court of the city of Circleville.

Sec. 2939.08 R. C., reads as follows:

"After the charge of the court of common pleas, the grand jury shall retire with the officer appointed to attend it, and proceed to inquire of and present all offenses committed within the county."

In 26 O. Jur. (2), p. 275, it is stated that "the scope of grand jury's investigation is not only to consider the cases of those persons bound over by magistrates, but to take in charge matters presented by the court or the prosecuting attorney, and other matters disclosed and brought to light in the jury room during the investigations. It is the exclusive function of the grand jury to conduct investigations of matters which may be given it in charge or may come to its knowledge * * * A great deal of power is thus conferred upon the grand jury. In other words, the grand jury is comparatively without limit in the scope of its investigation, the bills that it may return, and the general findings that it make make. * * * As to matters within the personal knowledge of its members, it has been held that the grand jury acts according to its own discretion. It may return indictments based wholly upon facts within its own knowledge, without the support of the testimony of a single witness. It may properly indict upon any sufficient, competent evidence and such evidence need not emanate from the one upon whom the offense is alleged to have been committed. It may indict originally without a charge having been made in an inferior court; and when a case comes before the grand jury upon a charge preferred in an inferior court, it has the power to return an indictment according to the facts in evidence, even though it differs from the original charge. Furthermore, a grand jury, in the exercise of the authority conferred by statute, may return an indictment against a person even though such person has been charged with the same offenses in a Municipal Court and has requested a preliminary hearing which has not been held at the time the indictment is returned."

It is to be noted that in the case of **State v. Miller, 96 Oh Ap 216,** that the Court held that grand juries in the exercise of the authority conferred by statute could return an indictment against a person even though such person had been charged with the same offense in the Municipal Court and had requested a preliminary hearing which had not been had at the time the indictment was returned against him.

The fact that the defendant requested a jury trial in the Municipal Court alone would not deprive the grand jury of the right to return an indictment as §2939.08 R. C., gives the grand jury broad powers in which to inquire and present all offenses committed within the county. This does not eliminate any particular type of offense or the fact that the matter may be pending in a lower court. The grand jury in this case did see fit to return an indictment upon the facts when presented to it and the fact that a charge for the same offense was pending in Municipal Court is of no consequence.

If the defendant in this case wanted to pursue his rights in the Municipal Court to trial by jury he could have done so by means of

mandamus. In the case of **State v. Titak, 75 Abs 430,** the Court stated that if a defendant accused of driving a motor vehicle while under the influence of intoxicating liquor believed that the Judge of the Municipal Court should have heard and determined the charges against him, he should, where the Judge refused so to do and bound him over to the grand jury, have brought an action in mandamus to compel the Judge to hear and determine his case. A similar holding is in the case of **State v. Wheelock, 64 Abs 129,** and also the case of **Sprague v. State, ex rel., 34 Oh Ap 354.** In both cases it was held that mandamus lies to compel the Municipal Judge to finally hear and dispose of a criminal charge of one charged with a misdemeanor. The case of State v. Sprague was decided by the Court of Appeals of this District.

Attention is also directed to a case decided in this Court on February 4, 1955, State of Ohio, ex rel. Chester Christy v. Lamb, No. 21359 praying for a writ of mandamus for the Judge to proceed to hear the cause which was filed in the Municipal Court of Circleville where a jury trial was demanded for the offense of driving a motor vehicle while under the influence of intoxicating liquor. That mandamus action however was not filed until after the indictment had been returned by the Grand Jury. The Court in that opinion stated that the jurisdiction of the Common Pleas Court had attached to the case by having the indictment returned prior to the filing of the writ of mandamus and therefore the alternative writ was denied, however, in the dicta of the case the Court cited the case of **Sprague v. State, 34 Oh Ap 354,** and further stated that it was the opinion of the Court that said decision was the law which applied in the case.

The Court is therefore of the opinion that the Grand Jury was within its authority to return an indictment in this case even though a charge for the same offense was pending in the Municipal Court and that the motion to quash the indictment is not well taken and therefore will be overruled. A journal entry will be prepared by the Prosecuting Attorney consistent with the above ruling and the defendant is hereby ordered to appear for arraignment on said indictment on Monday, June 22, 1959, at 10:00 o'clock A. M.