STATE *v.* SALLEE.

[Cite as State v. Sallee, 1 Ohio Misc. 50.]

(No. 8317—Decided October 3, 1964.)

CRIMINAL PROCEEDING: Court of Common Pleas, Ashtabula County.

*Mr. Robert Webb*, prosecuting attorney, for plaintiff.
*Mr. John P. Mahoney*, for defendant.

PONTIUS, J. On September 22, 1964, the defendant filed a written motion seeking his discharge from custody under warrant based on the indictment returned by the Grand Jury in this cause. The motion was set for hearing on September 25th and evidence was offered pro and con and the matter reserved for the filing of briefs by both sides and for the Court's decision this day, October 3, 1964.

The controlling ultimate facts are not in material dispute. From the evidence submitted, including some matters of which the Court may and does take judicial notice, it is uncontroverted that on April 10, 1964, after preliminary hearing at which the defendant was represented by counsel, he was bound over to the Court of Common Pleas by the Municipal Court of Ashtabula on a charge of forcible rape under Section 2905.01, Revised Code, and was committed to jail in default of $25,000.00 bail fixed by that court. He has been in jail ever since.

At the same time by the same court and after preliminary hearing, he was likewise bound over on two other felonies, i. e., carrying a concealed weapon under Section 2923.01, Revised Code, and assault with a dangerous weapon under Section 2901.241, Revised Code, and was likewise committed in default of bail in those cases in the sums of $5,000.00 and $10,000.00 respectively.

The transcript from the Municipal Court in each of these three cases was filed in this court on April 14, 1964, at 9:34 a. m. The Grand Jury for the April Term was then actually in session, having been duly impanelled and sworn on April 13th.

The Grand Jury was in session for two days, April 13 and 14, 1964, and on the 14th at 5:01 P. M. was recessed or discharged subject to recall at any time within Term. It was not recalled and was finally discharged by formal Court order on August 24, 1964, when the Court adjourned the April Term to re-open September 14, 1964. At no time within the April Term of court did the Prosecuting Attorney present to the Grand Jury the issue of the return of an indictment in this case, nor was any action whatever taken by the Grand Jury on its own initiative.

No action was taken by the Prosecuting Attorney within Term to obtain a special court order continuing this case to the

September Term of court. However, on August 24th the case was continued by a general court order wherein all matters then pending, civil and criminal, were continued to the September Term of court, which opened on September 14th.

During the April Term, on May 23rd, the defendant filed a written motion in this court seeking a reduction in bail as fixed by the lower court in each of these cases. On July 9th, the defendant appeared in open court with counsel, at which time the Court reduced the bail in this case to $15,000.00; in carrying the concealed weapon case, to $2,500.00; and in the assault case, to $5,000.00.

On September 16th, the Grand Jury returned a true bill in this case, on the charge of forcible rape, but returned a no bill in each of the other two cases. When the defendant was brought into court for arraignment on this indictment on September 22nd, this motion for discharge was presented and filed by his counsel.

One of the claims made by the defendant in his motion is based upon the assertion that he was denied a request for a Bill of Particulars in the Ashtabula Municipal Court prior to preliminary hearing. The charge then pending against him before that court failed to state the name of the prosecuting witness or victim of the alleged rape and simply charged that the defendant "... unlawfully did have carnal knowledge of a female person, forcibly and against her will. . ."

At this stage of the proceedings it is now of no import whether the court below was right or wrong in that decision. Once an indictment is returned and a warrant issued thereon and served, matters relating to claimed defects in the original proceedings are not then avaliable to the defendant as matters of defense against the then pending indictment. There is no merit in the contention of the defense on this point. In fact, the preliminary proceedings embracing the filing of an affidavit, the issuance of a warrant, the arrest of the defendant, and a preliminary examination before an examining court are not a prerequisite to Grand Jury action unless a statute so provides. The denial of a preliminary examination, unless otherwise provided by statute, is not a denial of due process of law. See *Lem Woon* v. *Oregon*, 229 U. S., 586, 57 L. Ed., 1340; *Ruthenberg*

v. *U. S.*, 245 U. S., 480, 62 L. Ed., 414; and *State* v. *Hackney*, 240 N. C., 230, 81 S. E. (2d), 778.

The power and duties of the Grand Jury are prescribed by Section 2939.08, Revised Code, which in substance requires the Grand Jury to inquire of and present *all offenses* committed within the county. There is no statute in Ohio limiting the power of the Grand Jury to act in only those cases where there has been a prior valid arrest, preliminary examination, and commitment of the defendant. Under Section 2939.08, Revised Code, whether a preliminary examination has been held or not, even though the defendant be in custody and charged in a Municipal Court with an offense over which it has jurisdiction, is of no moment so far as the power of the Grand Jury to indict is concerned. *State* v. *Miller*, 96 Ohio App., 216; *State* v. *Karr*, 81 Ohio Law Abs., 280.

Such being the state of the law on this point so raised by the defendant, this Court holds that even assuming for purposes of argument that there was error below, the return of an indictment and the issuance of process thereon vitiates any such claimed error. It is well to keep in mind that even though a lower court dismisses a felony charge with or without a preliminary hearing, even if it thereupon releases the defendant from custody, does not preclude a Grand Jury from thereafter indicting the defendant on the same charge.

The principal contention of the defendant for his discharge is based upon a claimed violation of Section 2939.24, Revised Code, said to be an implementation of the right to a speedy trial guaranteed by Article I, Section 10 of the Constitution of Ohio, and the defendant, of course, claims that he has been denied that constitutional right.

The real question at hand, as the Court sees it, is whether or not Section 2939.24, Revised Code, is truly part of the state's minimum standard of a speedy trial under the constitution, thus absolutely guaranteeing the freedom of the defendant *and at the same time* an acquittance of the charge by reason of the failure of the prosecution to act within the time limits of the statute; or whether the statute merely affords the defendant the right to his freedom from the confines of jail as distinguished from entitling him to an acquittance of the charge.

Sections 2945.71 and .72, Revised Code, without quoting them, however, are two statutes that very clearly deal with the implementation of the constitutional guaranty of a speedy trial. They commonly are referred to as the two and three term statutes, respectively. Section 2945.71, Revised Code, deals with the subject matter of a defendant confined in jail more than two terms after indictment, and .72 with a situation where the defendant is on bail more than three terms after indictment. Section 2945.73, Revised Code, provides specifically that a discharge by the Court for the prosecution's failure to proceed under either .71 and .72 is a complete acquittance of the defendant from the charge brought against him.

There is no statute similar to Section 2945.73, Revised Code, in connection with the subject matter of Section 2939.24, Revised Code, under which the defendant seeks this remedy. That statute reads as follows: "If a person held in jail charged with an indictable offense is not indicted at the term of court at which he is held to answer, he shall be discharged unless:

"(A) He was committed on such charge after the discharge of the grand jury.

"(B) The transcript has not been filed.

"(C) There is not sufficient time at such term of court to investigate said cause.

"(D) The grand jury, for good cause, continues the hearing of said charge until the next term of court.

"(E) It appears to the Court of Common Pleas that a witness for the state has been enticed or kept away, detained, or prevented from attending court by sickness or unavoidable accident."

Therefore, as the Court sees it, the issue narrows down to whether or not the word "discharge" in this section means a release of the person from confines of jail or an acquittance of the charge as well. There is no general statute of limitations pertaining to criminal actions. There are one or two on the books, but in no way applicable to the issue in this case. The courts consistently and almost without exception have held that the right to a speedy trial guaranteed by the constitution and implemented by Section 2945.71 and .72, Revised Code, is a personal right which may be waived in almost all sorts of

ways, and generally it may be said that the construction is liberal rather than strict so far as the right of the state to prosecute is concerned. It has consistently been held that the right, being personal, may be waived even by acts or acquiescence.

It seems to this Court that the real purpose of Section 2939.24, Revised Code, is to afford the defendant his freedom from the confines of jail rather than a complete acquittance of the charge. At the end of the April Term of Court, 1964, namely August 24th, since the defendant had not then been indicted, he might well have sought his release from custody under the provisions of this statute. He did not do so, however, and made no effort whatever to seek his release until the filing of his motion in this case following return of the indictment and the service of process thereon.

Without any question whatsoever, but without attempting to review the evidence dealing with paragraph (C) of the exceptions under the statute as such evidence was offered by the state, it is the judgment of the Court that the state did not bring this case within this or any other exception of Section 2939.24, Revised Code, and if the statute were applicable here, the burden was upon the state to bring the case within one of the statutory exceptions.

If the statute were applicable, the Court would have no hesitancy in granting the discharge of this defendant and a dismissal of the indictment, regardless of the extreme severity and nature of the charge made. It is my settled opinion, however, that the word "discharge" in this statute truly does pertain only to the release from the confines of jail and not to an acquittance of the charge laid in the indictment. To hold otherwise is to read into the statute something that does not there appear, and in effect is to hold this statute to be a statute of limitation, not on the trial of a person after indictment, but rather a limitation on the time within which an indictment must be returned. In my opinion, if the legislature had so intended, the statute would have so provided. It does not.

The Court holds, therefore, that Section 2939.24, Revised Code, may well have afforded the defendant a personal right to release from custody when the prosecution failed to act with-

in the April Term of Court, but not having sought his release from custody until after an indictment was properly returned against him and process issued thereon, he may not now seek his complete freedom and in this manner gain an acquittance of the charge thus laid.

The right to release from custody, at least under the provisions of the statute, has already been recognized in Ohio. See *Ex rel. Parks,* v. *Lott,* 5 Ohio Dec., 600; Ex parte Christmas, 5 Ohio Dec. Repr., 594; *In re*: *England,* 17 Ohio Law Abs., 689 (release denied but right recognized). These cases, however, are actions in habeas corpus and deal with the question of the right of the defendant to a release of his person from custody, his right to be free, because he has not been indicted within the time limit set by the state for its own officers to act. They do not, however, deal with the issue of an acquittance under the statute, and this Court finds no case in Ohio which does so hold, nor have counsel cited any such case in their briefs.

There is no general statute of limitations in Ohio pertaining to prosecution of felonies. There is one with reference to misdemeanors and the limit is three years. We are dealing here, however, with a most serious felony. There is no statute to bar the prosecution of the defendant for this alleged felony, which on paper, at least, is a dastardly crime, unless Section 2939.24, Revised Code, is to be so construed. The statute does not spell it out in so many words as is the case under Section 2945.73, Revised Code, when the defendant is not brought to trial within certain prescribed periods of time after indictment. Have the people of the State of Ohio by enactment of this statute afforded the defendant his right to a release from confinement only, or have they also given up whatever protection is afforded the public through proper prosecution of criminal offenses and thus handed the defendant an acquittal without even the semblance of a trial because the prosecuting attorney did not seek an indictment within time?

In the following cases outside of Ohio where the statute involved was at least similar to ours and no limitation on prosecution for the offense was specifically prescribed, it was held that a motion for discharge of the defendant came too late after indictment was in fact returned and that the purpose of

such a statute is to compel the prosecuting attorney to move with dispatch toward an indictment. After the return of an indictment the statute is not applicable. *Payne* v. *State*, 4 S. W. (2d), 53 (Tex.); *State* v. *Lorenzy*, 109 P., 1065 (Wash.); *State* v. *Sutton*, 355 P. (2d), 247 (Or.); *People* v. *Pearsall*, 165 N. Y. S. (2d), 932; *People* v. *Worthington*, 237 N. Y. S. (2d), 1014.

The intent and purpose of such a statute is to afford the defendant his freedom from incarceration when the prosecuting attorney delays getting an indictment; but it is not the purpose of such a statute by the use of the word "discharge" to hand the defendant an acquittal without trial on a charge thereafter properly brought. *State* v. *Garthwaite*, 23 N. J. L., 143; *State* v. *Fish*, 122 N. W. (2d), 381 (Wis.).

The Court holds no brief whatsoever for the failure of the prosecuting attorney in this case to seek an indictment during the April Term, 1964. No sufficient reason appears as to why this was not done or at least attempted. The defendant might well have been handed his freedom upon a timely motion; but to hand him an acquittal for the same reason is quite another thing.

Since the defendant cannot now seek this remedy for his release from custody, he cannot add to the delay in the return of the indictment the additional fact of incarceration during that delay for the purpose of laying emphasis to his claim of a denial of his constitutional right to a speedy trial either under Article I, Section 10 of the Ohio Constitution, or Article VI of the Bill of Rights of the United States Constitution. The time factor in this case, standing alone without more, is not in and of itself sufficient to constitute a violation of the constitutional right to a speedy trial. Furthermore, the defendant waived the issue by not demanding trial.

It is well settled by almost all the authorities that the right of the defendant to a discharge for failure of the prosecution to put him on trial within even a specified period of time may be waived by his own conduct. He must claim the right if he wishes this protection. His silence cannot be construed as a demand for trial. If he does not make the demand, he is not in a position to claim a discharge because of delay in prosecution. See 14 American Jurisprudence, 863.

In conclusion, it is the opinion of this Court that:

1. The time limitation set forth in Section 2939.24, Revised Code, for the return of an indictment does not constitute a statute of limitation on the right to prosecute.

2. The word "discharge" in Section 2939.24, Revised Code, refers only to the release of the defendant from jail and is not an acquittance of a charge properly brought.

3. The defendant waived his right to a release from custody under Section 2939.24, Revised Code, by not seeking the remedy until after the return of an indictment and service of process thereon.

4. By not seeking his discharge under Section 2939.24, Revised Code, and by not otherwise in any way having made a demand for a speedy trial prior to the filing of his motion in this case, the defendant waived the issue of a speedy trial directly under the State and Federal Constitutions without benefit of any so-called implementing statute.

*Motion overruled.*