The State of Ohio, Appellee, *v.* McClellan, Appellant.

(No. 6116—Decided May 25, 1966.)

Mr. Harry Friberg, prosecuting attorney, Mr. Melvin L. Resnick and Mr. James E. McCormick, for appellee.

Mr. James Slater Gibson and Mr. William N. Thomas, for appellant.

SKEEL, J.  This appeal comes to this court on questions of law from a judgment of guilty of murder in the first degree without a recommendation of mercy entered upon the verdict of a jury at the conclusion of the trial of the case.

The record shows that the defendant filed his bill of exceptions out of rule, and, upon motion by the state, it was stricken from the file. The defendant, by oral motion, presented to this court at the beginning of the hearing of this appeal request for leave to dismiss such appeal, which leave was granted. This court then granted defendant's oral motion for leave to appeal as provided by Section 2953.05, Revised Code, and, in granting such motion, ordered the bill of exceptions to be filed in the new appeal as provided by such section of the Revised Code. The appeal and the complete record, by our order, is, therefore, now properly before this court.

On the night of December 15, 1964, the defendant, with two other persons, had assembled in the apartment of and with one Lacey Burnett at 1925 Vermont Avenue, Toledo, Ohio. The deceased, Raymond Espinoza, and his cousin, Ernest Ruiz, had been taken there by the defendant, John Carter McClellan, to afford Espinoza a place to stay for the night. The defendant furnished some Vodka and beer which was consumed by the four men during the night. The evidence is in conflict as to certain acts of gross immorality committed against Espinoza and Ruiz by the defendant while they were tied hand and foot and being further subdued at the point of a switch knife belonging to Burnett, which at some part of the orgy Burnett gave to McClellan. There is also no dispute about the fact that during the conflict the deceased hit McClellan over the back of the head with the Vodka bottle, causing the bottle to shatter, and some injury and considerable bleeding resulted.

The autopsy of the body of Espinoza revealed multiple stab wounds and punctures in the neck and front part of the

body sufficiently deep to penetrate the liver, lungs and heart. The pathologist testified, after describing the autopsy in detail, that the cause of death of Raymond Espinoza was "multiple stab wounds of the heart with consequent blood loss."

After the defendant (by his own testimony) determined that Espinoza was dead, he loaded the body into the back seat of his automobile, drove to some point—a short distance—in Michigan, and unloaded it in a gully some fifty feet from the road, where it was discovered by a Michigan State Police Officer on December 16, 1964.

The defendant claims the following errors:

"1. Defendant appellant was denied a substantial constitutional and statutory right in that he was prevented from having a preliminary hearing in the Toledo Municipal Court in accordance with the applicable provisions of the Ohio statutes.

"2. Defendant appellant was denied substantial constitutional and statutory rights herein, in that after he had filed a request for a bill of particulars, and said request had been only partially complied with, defendant-appellant's motion for an order asking the court to require the prosecuting attorney to comply with the terms as specified in the bill of particulars was overruled.

"3. The court erred in overruling defendant's motion for an order directing the prosecuting attorney to permit defendant, through his attorney, to examine the minutes and testimony before the grand jury involved in this case and/or to have a full and complete copy of the testimony of Lacey Lee Burnett and Ernest Ruiz.

"4. Defendant-appellant was denied a substantial right, in that his motion, filed prior to the commencement of the trial herein, for an order requiring the prosecuting attorney to permit the attorneys representing defendant-appellant to inspect and examine the physical objects the prosecution intended to offer in evidence at the trial was overruled.

"5. By reason of the combination of the denial of the rights hereinabove specified, all of which were denied defendant-appellant, he was prevented from having a fair and impartial trial herein, and was not adequately informed of the nature of the charge against him.

"6. The court erred in the admission and exclusion of evi-

dence, which said admissions and exclusions were prejudicial to substantial rights of defendant-appellant, and to which said rulings he duly excepted.

"7. The court erred in refusing to instruct the jury as specially requested by defendant-appellant.

"8. The court erred in its general charge to the jury.

"9. The verdict returned by the jury herein was rendered as a result of passion and prejudice, is not supported by the evidence, nor by the weight of the evidence as required to sustain a conviction.

"10. For other errors of law which occurred during the course of said trial, which said errors were prejudicial to substantial rights of defendant-appellant, and to which said errors he duly excepted."

The defendant was arrested January 12, 1965, on a charge of murder in the first degree. He was called before the Municipal Court of Toledo for a preliminary hearing, where the case was continued over defendant's objection to January 22nd. On January 19, 1965, an indictment was returned by the Grand Jury of Lucas County, charging the defendant with first degree murder. The preliminary hearing was thereupon dismissed over defendant's objection. It is claimed by the defendant that he had an agreement with the prosecuting attorney that required the state to conduct a preliminary hearing under the provisions of Sections 2937.02, 2937.03, 2937.10 and 2937.11, Revised Code.

The claim of the defendant that he has a constitutional right to a preliminary hearing in a court having committing jurisdiction is without legal foundation. There is no such constitutional limitation on the power of the grand jury to return an indictment against a person, where it finds there is credible evidence to support a finding that there is probable cause to believe that such person is guilty of a criminal act committed within the county. *State* v. *Karr,* 81 Ohio Law Abs. 280, second paragraph of the headnotes; *State* v. *Sallee,* 1 Ohio Misc. 50. See authorities cited on pages 52 and 53 in the opinion. Nor can the defendant claim any rights under an alleged agreement with the state for such a proceeding. Such a matter cannot be the subject of contract.

The defendant claims further that his rights were pre-

judiced by the overruling of his motion to require the state to enlarge its bill of particulars (Section 2941.07, Revised Code) by stating therein certain acts performed by Lacey Burnett and one Ruiz, the first named person having been indicted and separately charged with the crime of murder in the first degree of the same person at the same time and place as is charged against the defendant. Such facts cannot concern the defendant in a proper description of the crime charged against him, and the state should not be required to set up redundant matter in a bill of particulars furnished the defendant. An examination of the bill of particulars, filed by the prosecuting attorney in this case, shows it is sufficient to advise fully the defendant of the charge he was required to meet in the trial on the merits.

A motion was also filed to require the prosecuting attorney to permit defendant, before trial, to examine certain exhibits which he intended to introduce in the trial. This motion was made after the trial was in progress and came too late. It was, therefore, a matter in which the court should act in the exercise of its sound discretion. The record shows that the defendant was afforded inspection of such property before such property was presented in the trial.

We find the defendant's claims of error Nos. 1 through 5 are not sustained by the record, and they are, therefore, overruled.

Assignment of error No. 6 is concerned with the admission and exclusion of evidence. A number of photographs were taken of the body of the deceased as it was discovered by the State Police of Michigan about fifty feet from the road. The defendant testified that he carried the body in his automobile (having first determined that Espinoza was dead) to a place where he expected it to be found and that he did deposit it alongside the road where it was, in fact, found by the police. Pictures (in color) were also taken of the body from the beginning and through the progress of the autopsy. The identity of these photographs is supported by credible evidence given by police officers and the pathologist. All of the pictures concerned a vital part of the state's case and demonstrated more clearly than words the pathological facts for a clearer understanding of the same by the members of the jury. The fact that some

of them may be described as gruesome is one of the facts to be expected in a murder case. We hold that assignment of error No. 6 is not well taken.

The seventh claim of error is concerned with the refusal of the court to give requested instructions to the jury before argument. The requests, as presented, were as to the consideration to be given by the jury to the testimony of an accomplice and, second, the rules for considering circumstantial evidence. Both these subjects were fully and accurately dealt with in the court's general charge. The court is not required to give instructions before argument on the law upon request by a defendant in a criminal case. *State* v. *Petro*, 148 Ohio St. 473; *Grossweiler* v. *State*, 113 Ohio St. 46. This claim of error is, therefore, overruled.

Claim of error No. 8 has to do with the court's general charge. A careful reading of the charge shows that it was complete and accurate. Certainly the matter of intent and purpose to kill was accurately covered.

The record in this case shows that the defendant was afforded a fair trial without the slightest suggestion of "passion and prejudice" in any way affecting the verdict which is clearly supported by credible evidence. No other errors having been called to our attention, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WASSERMAN, P. J., and SILBERT, J., concur.

WASSERMAN, P. J., SKEEL and SILBERT, JJ., of the Eighth Appellate District, sitting by designation in the Sixth Appellate District.