Richard J. WATMUFF, Petitioner-
Appellant,

v.

E. P. PERINI, Superintendent, Marion
Correctional Institution, Respondent-
Appellee.

No. 19685.

United States Court of Appeals,
Sixth Circuit.

June 9, 1970.

Richard J. Watmuff, in pro. per.

Paul W. Brown, Atty. Gen., Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

Richard J. Watmuff, petitioner-appellant, was indicted by the grand jury of Cuyahoga County, Ohio, on October 30, 1962, for burglary of an inhabited dwelling in violation of § 2907.09, Ohio Revised Code, and aggravated assault with a dangerous and deadly weapon in violation of § 2901.241. At his arraignment on November 1, 1962, he entered a plea of not guilty to burglary of an inhabited dwelling with a count of aggravated assault. Thereafter, on March 13, 1963, while represented by counsel, Watmuff withdrew his plea of guilty to aggravated assault as to the second count of the indictment. He was sentenced to one to two years for malicious entry and one to five years for aggravated assault, the sentences to run concurrently.

Watmuff has filed two unsuccessful petitions for post-conviction relief under § 2953.21 et seq., Ohio Revised Code. He appealed one of these cases to the Ohio Court of Appeals, which denied relief. The Supreme Court of Ohio thereafter denied his leave to appeal. The State concedes that Watmuff has exhausted his State remedies in accordance with 28 U.S.C. § 2254.

The petition for writ of habeas corpus was filed October 31, 1968, and on the same day a show cause order was issued by the District Court, requiring that a return be filed on or before November 20, 1968. The office of the State Attorney General mailed a return to the clerk of the District Court on November 19, 1968, with copy to Watmuff. The return was not received by the office of the District Court Clerk until November 21, 1968. The District Court ruled that the return was filed out of time and re-

fused to consider it. On June 5, 1969, the District Court, although disregarding the return, dismissed the complaint for failure to state a claim upon which relief could be granted. Watmuff appeals.

In Allen v. Perini, 424 F.2d 134 (6th Cir., 1970) this Court disapproved the practice of issuing a show cause order in a habeas corpus case until the District Court has examined the petition and determined whether it is sufficient on its face to state a cause of action. In view of our disposition of the present appeal, however, it is not necessary to consider that question here.

 The petition alleges that Watmuff was detained by police without being advised of his right to counsel and mentally coerced into making an incriminating statement which was employed at the preliminary hearing and before the grand jury in obtaining the indictment. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, do not apply to Watmuff's arrest in 1962. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Even if the alleged statement was read at a preliminary hearing, this is not a critical stage of the proceeding under Ohio law. Via v. Perini, 415 F.2d 1052, 1054 (6th Cir.); State v. Wilkinson, 17 Ohio St.2d 9, 244 N.E.2d 480, cert. denied, 395 U.S. 946; State v. McClellan, 6 Ohio App.2d 155, 217 N.E.2d 230, cert. denied, 386 U.S. 1022, 87 S.Ct. 1380, 18 L.Ed.2d 462.

After the preliminary hearing, appellant was indicted by the grand jury and entered a plea of guilty to the indictment. The findings of fact and conclusions of law of the Cuyahoga County Common Pleas Court entered after an evidentiary hearing in the State post-conviction proceeding shows that Watmuff exhibited a thorough understanding of the consequences of his plea.

Watmuff contended that he was entitled to default judgment and immediate release because the return to the petition pursuant to the show cause order was filed one day late. This contention is without merit. Allen v. Perini, *supra*.

The order of the District Court dismissing the petition is affirmed.